NUMBER 13-11-00049-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

FIDEL ISPANO DAVIS

A/K/A FEFEL ESPHINO
DAVIS,                                        Appellant,

 

v.

 

THE STATE OF TEXAS,                                                     Appellee. 


                                                                                                                     
  

 

On appeal from the Criminal
District Court 

of Jefferson County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices Garza,
Vela, and Perkes   

Memorandum Opinion by
Justice Perkes  

            

Appellant,
Fidel Ispano Davis a/k/a Fefel Esphino Davis, appeals his conviction for evading
detention with a motor vehicle.  See Tex.
Penal Code Ann. § 38.04(b)(2) (West 2003).  The offense was a
third-degree felony because appellant had a prior conviction for evading
detention.  See id.  The State also alleged appellant was a habitual-felony
offender, and in the punishment phase of trial, appellant pleaded “true” to the
prior convictions the State alleged to show appellant’s habitual-felony-offender
status.  See id. § 12.42(d) (West Supp. 2009).  A jury found appellant
guilty and sentenced him to twenty-five years of confinement in the Texas
Department of Criminal Justice.  The trial court ordered appellant’s sentence
to run consecutively, commencing after he finishes serving his sentences in
several other cases.  See Tex.
Code Crim. Proc. art. 42.08(a) (West Supp. 2009).  This appeal followed
and appellant’s court-appointed attorney filed an Anders brief.  We
affirm.

i.   Anders Brief

            Pursuant to Anders v. California, 386
U.S. 738, 744 (1967), appellant’s court-appointed appellate counsel has filed a
brief and a motion to withdraw with this Court, stating that her review of the
record yielded no grounds of error upon which an appeal
can be predicated.  Counsel’s brief meets the requirements of Anders as
it presents a professional evaluation demonstrating why there are no arguable
grounds to advance on appeal.  See In re Schulman, 252 S.W.3d 403, 407
n.9 (Tex. Crim. App. 2008) (“In Texas, an Anders brief need not
specifically advance ‘arguable’ points of error if counsel finds none, but it
must provide record references to the facts and procedural history and set out
pertinent legal authorities.”) (citing Hawkins v. State, 112 S.W.3d 340,
343-44 (Tex. App.—Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

            In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant’s counsel has
carefully discussed why, in light of controlling authority, there are no
reversible errors in the trial court’s judgment.  Counsel has informed this
Court that she has:  (1) examined the record and found no arguable grounds to
advance on appeal, (2) served a copy of the brief and counsel’s motion to
withdraw on appellant, and (3) informed appellant of his right to review the
record and to file a pro se response.[1] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  Appellant has responded by
filing a timely pro se brief.

II.     Independent Review

            A court of appeals has two
options when an Anders brief and a subsequent pro se response are filed.  After reviewing the entire record, it
may: (1) determine that the appeal is wholly frivolous and issue an opinion
explaining that it finds no reversible error; or (2) determine that there are
arguable grounds for appeal and remand the case to the trial court for
appointment of new appellate counsel.  Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005).  If the court finds arguable grounds for appeal,
it may not review those grounds until after new counsel has briefed those
issues on appeal.  Id.

            Upon receiving an Anders brief, we
must conduct a full examination of all the proceedings to determine whether the
case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988).  We
have reviewed the entire record, counsel’s brief, and appellant’s pro se
response and have found nothing that would arguably support an appeal.  See
Bledsoe, 178 S.W.3d at 827-28 (“Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in
the briefs and reviewed the record for reversible error but found none, the
court of appeals met the requirement of Texas Rule of Appellate Procedure
47.1.”); Stafford, 813 S.W.2d at 509.  There is no reversible error in
the record.  Accordingly, the judgment of the trial court is affirmed.

III.  Motion to Withdraw

            In accordance with Anders, appellant’s
attorney has asked this Court for permission to withdraw as counsel for
appellant.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.—Dallas 1995, no pet.)  (noting that “[i]f an attorney believes the
appeal is frivolous, he must withdraw from representing the appellant.  To
withdraw from representation, the appointed attorney must file a motion to
withdraw accompanied by a brief showing the appellate court that the appeal is
frivolous.”) (citations omitted)).  We grant counsel’s motion to withdraw. 
Within five days of the date of this Court’s opinion, counsel is ordered to
send a copy of this opinion and this Court’s judgment to appellant and to
advise him of his right to file a petition for discretionary review.[2] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

                                                                                         ______________________

                                                                                         Gregory
T. Perkes

                                                                                         Justice

 

 

Do not publish.  Tex. R. App. P. 47.2(b).

 

Delivered and filed
the 

19th day of May,
2011. 









[1]  The Texas Court of Criminal Appeals
has held that “the pro se response need not comply with the rules of appellate
procedure in order to be considered.  Rather, the response should identify for
the court those issues which the indigent appellant believes the court should
consider in deciding whether the case presents any meritorious issues.” In
re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting Wilson
v. State, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).





[2]  No substitute counsel will be
appointed.  Should appellant wish to seek further review of this case by the
Texas Court of Criminal Appeals, he must either retain an attorney to file a
petition for discretionary review or file a pro se petition for discretionary
review.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3, 68.7.  Any petition for discretionary review should comply
with the requirements of Texas Rule of Appellate Procedure 68.4.  See Tex. R. App. P. 68.4.